Filed 11/15/23  P. v. Vasquez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>GABRIEL VASQUEZ,<br><br>  Defendant and Appellant. | B326592<br><br>(Los Angeles County Super Ct. Nos. BA509575, ZM075995) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Francis B. Bennett, Judge.  Dismissed.

James M. Crawford, under appointment by Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

_____

Defendant Gabriel Vasquez filed a notice of appeal after the trial court sent him for a mental competence evaluation. We construe defendant's appeal as one from the trial court's subsequent order finding him incompetent to stand trial under Penal Code section 1368 and committing him to the Department of State Hospitals. (Pen. Code, § 1237, subd. (a) [listing the latter, but not the former, as an appealable order].) As best we can tell from the record, defendant remains committed, with his next court date of December 8, 2023.

Defendant's appointed counsel has filed a brief setting forth the facts of this case and asking this court to review the record to determine if there are any arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of his counsel's opening brief. That time has lapsed, and he has filed no brief.

Our Supreme Court has not spoken directly on the issue of whether *Wende* review applies to Penal Code section 1368 incompetency commitment proceedings such as these. In *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, the court held that *Wende* review is not required for appeals in Lanterman-Petris-Short Act conservatorship proceedings. (*Id.* at pp. 538-543.) *People v. Blanchard* (2019) 43 Cal.App.5th 1020, 1024-1025, extended the holding in *Ben C.* to certain incompetency commitment proceedings. Defendant's counsel urges that *Blanchard* was wrongly decided and is distinguishable from this case because *Blanchard's* Penal Code section 1368 commitment came after probation revocation proceedings had commenced. In contrast, the commitment here was before trial. Without reaching the issue presented in *Blanchard*, we have conducted an

2

independent review of the record in this case.

Having reviewed the record, we agree with counsel that there are no arguable issues on appeal.  The trial court's determination that defendant was not competent to stand trial was supported by substantial evidence in the form of an expert's report.  The commitment ordered by the court is authorized by law and supported by CONREP's recommendation.  Defendant was represented by able counsel.

### DISPOSITION

The appeal is dismissed.


RUBIN, P. J.

WE CONCUR:



BAKER, J.



KIM, J.

3